17cv5856 - Eugene Kelly
Judge  Sharon Johnson Coleman
Magistrate Judge Sheila Finnegan
Filed 8/11/2017

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE EQUAL RIGHTS CENTER, a not-for-profit, DEVORA FISHER, by and through SHEILA FISHER, her legal guardian, EDITH PRENTISS, MONICA KAMAL, JEAN RYAN, REGINA LEE, PATRICIA THOMAS, and EUGENE KELLY, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 1:14-cv-08259 |
| v. | ) ) ) | |
| KOHL'S CORPORATION, a Wisconsin corporation, and KOHL'S DEPARTMENT STORES, INC., a Wisconsin corporation. | ) ) ) ) | |
| Defendants. | ) ) ) | |

**SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiffs The Equal Rights Center ("ERC"), Devora Fisher, by and through Sheila

Fisher, her legal guardian, Edith Prentiss, Monica Kamal, Jean Ryan, Regina Lee, Patricia

Thomas, and Eugene Kelly, by and through undersigned counsel, hereby submit this Amended

Complaint for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§§ 12181, et seq.; and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law §§ 290,

et seq.

## I.    INTRODUCTION

1.    Plaintiffs ERC, Devora Fisher, Edith Prentiss, Monica Kamal, Regina Lee,  Jean

Ryan, Patricia Thomas, and Eugene Kelly, bring this action against Defendants Kohl's

Corporation and Kohl's Department Stores, Inc. (collectively, "Kohl's" or "Defendants"), for

declaratory judgment, injunctive relief, and damages on their own behalf and, separately and

1109256

additionally, for declaratory and injunctive relief on behalf of all people with mobility disabilities who relied on the use of wheeled mobility devices for mobility who, during the 12-months immediately prior to the filing of the complaint in this case, were denied access to the goods, services, facilities, privileges, advantages, or accommodations of any Kohl's Department Store in the United States on the basis of disability because of the existence of aisles which were too narrow (less than 36 inches).

2. Defendants own and operate department stores that sell moderately priced apparel to men, women, and children, as well as home products and housewares. Kohl's Corp., SEC Form 10-K, at 3 (March 22, 2013).[1]

3. Kohl's has a nationwide presence. As of February 2, 2013, Kohl's operated 1,146 department stores "in all 48 of the continental United States and Alaska." *Id.* at 3-4. Despite its broad geographic reach, Kohl's department stores "generally carry a consistent merchandise assortment with some differences attributable to regional preferences." *Id.* at 3.

4. Kohl's relies on a "unique store format" to promote both convenience and profitability. According to Kohl's March 2013 form 10-K, submitted to the U.S. Securities and Exchange Commission:

> …Though our stores have fewer departments than traditional, full-line department stores, the physical layout of the store and our focus on strong in-stock positions in style, color and size is aimed at providing a convenient shopping experience for an increasingly time-starved customer…
>
> …At Kohl's, in-store convenience includes a neighborhood location close to home, convenient parking, easily-accessible entry, knowledgeable and friendly associates, wide aisles, a functional store layout, shopping carts/strollers and fast, centralized checkouts…

*Id.* at 4.

---

[1] This included "accounts of Kohl's Corporation and its subsidiaries including Kohl's Department Stores, Inc., its primary operating company."

11O9256

5.      A consistent store layout is key to Kohl's bottom line.  As Kohl's noted in its form 10-K, "[a]n important aspect of our pricing strategy and overall profitability is a culture focused on maintaining a low-cost structure" and a "[c]ritical element[] of this low-cost structure [is] our unique store format."  *Id.*

6.      In light of pervasive violations of the ADA and applicable state disability laws, Defendants' unique store format creates a pattern and practice of systematically denying equal access to individuals with disabilities, including Plaintiffs and other members of the ERC.

7.      Defendants prevent individuals with disabilities and Plaintiffs specifically from navigating their stores with the same ease and dignity as customers without disabilities. While Defendants designed wide main aisles throughout their stores, Kohl's stores have side aisles that are inaccessible to individuals with physical disabilities. Other barriers to access for the named Plaintiffs include  merchandise displays that contain inaccessible fixtures for individuals with physical disabilities,  inaccessible restrooms and dressing rooms,  sales and services counters of inaccessible heights,  and inadequate numbers of accessible parking spaces to serve their stores.

8.      Defendants, therefore, discriminate against individuals with disabilities generally and the named Plaintiffs specifically by creating and maintaining barriers to accessibility.

9.      As a result of complaints received from both members and non-members of the ERC, and in order to learn the full extent of Defendants' violations, the ERC undertook a survey of the accessibility of Kohl's department stores. The ERC responded to member complaints regarding stores located in California, Georgia, Illinois, Iowa, Maryland, Minnesota, Montana, New Jersey, New York, Ohio, and Wyoming. Based on the pervasiveness and geographical span of these complaints, the ERC surveyed stores located in Maryland, Virginia, Arizona, California,

1109256

Illinois, Massachusetts, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Washington, and West Virginia.

10.     In addition to the complaints it received, the ERC found accessibility barriers at every Kohl's store it surveyed throughout the United States. The most serious barriers include inaccessible interior paths of travel. Other barriers include inaccessible sales and service counters, inaccessible merchandise displays, inaccessible rest rooms and fitting rooms, and inaccessible parking spaces.

11.     Indeed, barriers to accessibility, especially in the form of narrow aisles, existed in all stores surveyed by the ERC in Illinois, New Jersey, New York, and Ohio. These four states alone are home to nearly one-fifth of Kohl's department stores.

12.     Defendants' continued, widespread failure to provide accessibility at its stores across the nation is a result of common design features, policies, and practices comprising Kohl's "unique store format."

13.     Kohl's signature format reflects a coordinated policy, practice, and procedure to deprive persons with disabilities of the full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages, and accommodations that Kohl's department stores provide to individuals without disabilities.

14.     Kohl's consistent erection, maintenance, and allowance of physical barriers within its stores, and its lack of response to multiple requests by the Plaintiffs and their counsel to correct these issues, demonstrate not only a marked disregard for the needs of individuals with disabilities, but also active discrimination on the basis of disability.

15.     Defendants have had substantial prior notice that the issues alleged in this Amended Complaint violate the ADA and various state disability laws. The ERC sent a letter

4

11O9256

dated December 17, 2012 to Kevin Mansell, the President and Chief Executive Officer of Kohl's Department Stores, advising him of the prevalent barriers to accessibility present in all of the stores visited by members of the ERC. Counsel for the ERC sent another letter in December 2013 addressed to Kevin Mansell, the Chairman, President and Chief Executive Officer of Kohl's Department Stores; Richard D. Schepp, Senior Executive Vice President, General Counsel and Secretary of Kohl's Department Stores; and Michelle Gass, Chief Customer Officer of Kohl's Department Stores, advising them of the continued and prevalent barriers to accessibility present in all of the stores visited by members of the ERC. The ERC has received no response to these letters.

16.     Indeed, Plaintiffs Jean Ryan, Edith Prentiss, and Patricia Thomas continue to encounter barriers to accessibility at their local Kohl's store in Brooklyn and Long Island, New York, and Redlands, California, and the ERC has continued to receive reports that Defendants have failed to remedy their discriminatory policies, practices, and procedures, despite the efforts of the ERC and its members.

17.     In addition, counsel for Devora Fisher sent a letter to Mr. Mansell on February 12, 2013 advising him of the prevalent barriers to accessibility that exist at Kohl's stores in Arlington Heights, Glenview and Niles, Illinois. As of the date of this Second Amended Complaint, Devora Fisher continues to encounter accessibility barriers at those stores.

18.     Segregated services and inaccessible public accommodations are not permitted under the law and cannot be tolerated.

19.     Because Defendants' Stores are designed uniformly with respect to the layout in ways that violate the ADA and New York Human Rights Law, Plaintiffs seek to certify a class action pursuant to Fed. R. Civ. P. 23.

11O9256

## II.     JURISDICTION AND VENUE

20.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1343 because Plaintiffs assert a claim under the Americans with Disabilities Act of

1990, Pub. L. 101-335, 104 Stat. 327 (codified at 42 U.S.C. §§ 12101-12213).

21.     This Court has supplemental jurisdiction over the state law claims pursuant to 28

U.S.C. § 1367, because these claims are so related to the ADA claims that are within this Court's

original jurisdiction that they form part of the same case or controversy under Article III of the

United States Constitution.

22.     This Court has personal jurisdiction over Defendants, because Kohl's Corporation

and Kohl's Department Stores, Inc. are present in and regularly conduct business in the state of

Illinois and in this judicial district.

23.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because a

substantial part of the events or omissions giving rise to this action occurred in this district and

because Defendants reside in this district.

## III.     PARTIES

24.     Plaintiff Equal Rights Center (the "ERC") is a national not-for-profit organization

organized under the laws of the District of Columbia, with its principal place of business at 11

Dupont Circle NW, Suite 450, Washington, DC 20036. The ERC's membership consists, in part,

of persons with disabilities who live throughout the nation, and others who are committed to,

*inter alia*, equal rights, equal access, and equal opportunity for persons with disabilities. The

ERC pursues this goal through various means, including research, outreach and education,

counseling, advocacy, and enforcement.

11O9256

25.     Plaintiff Devora Fisher, represented by her legal guardian and mother, Sheila Fisher, is a resident of the state of Illinois. Devora Fisher has a physical impairment that substantially limits one or more of her major life activities.  She uses a wheelchair for mobility and is a member of the ERC.

26.     Plaintiff Edith Prentiss is an adult resident of the state of New York. Ms. Prentiss has a physical impairment that substantially limits one or more of her major life activities. She uses a wheelchair for mobility and is a member of the ERC.

27.     Plaintiff Monica Kamal is an adult resident of the state of Wisconsin. Ms. Kamal has a physical impairment that substantially limits one or more of her major life activities. She uses a wheelchair for mobility and is a member of the ERC.

28.     Plaintiff Jean Ryan is an adult resident of the state of New York. Ms. Ryan has a physical impairment that substantially limits one or more of her major life activities. She uses a wheelchair for mobility and is a member of the ERC.

29.     Plaintiff Regina Lee is an adult resident of the state of Maryland. Ms. Lee has a physical impairment that substantially limits one or more of her major life activities. She uses a wheelchair or a scooter for mobility and is a member of the ERC.

30.     Plaintiff Patricia Thomas is an adult resident of the state of California. Ms. Thomas has a physical impairment that substantially limits one or more of her major life activities. She uses a scooter for mobility. She is a member of the ERC.

31.     Plaintiff Eugene Kelly is an adult resident of the state of California. Mr. Kelly has a physical impairment that substantially limits one or more of his major life activities. He uses both a scooter and a manual wheelchair for mobility. He is a member of the ERC.

11O9256

32.     Defendant Kohl's Corporation is a Wisconsin corporation with its principal place of business at N56 W17000 Ridgewood drive, Menomonee Falls, WI 53051. Kohl's Corporation is the parent company of numerous subsidiaries that comprise the Kohl's brand, including Kohl's Department Stores, Inc., its primary operating company. *See e.g.*, Kohl's Corp., SEC Form 10-K, at F-7 (March 22, 2013).

33.     Through Defendant Kohl's Department Stores, Inc., Kohl's Corporation operates Kohl's department stores, which sell moderately priced apparel for men, women, and children, as well as soft home products and housewares. *Id*. at 3.

34.     As of the filing of its March 2013 form 10-K, Kohl's Corporation operated 1,146 department stores located in 49 states throughout the continental United States and Alaska. *Id*. at 4.

35.     In fiscal year 2012 alone, Kohl's Corporation reported total revenue exceeding $19 billion, gross profits of nearly $7 billion, and net income of $986 million. *Id.* at 16.

36.     Defendant Kohl's Department Stores, Inc. is a Wisconsin corporation with its principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, and WI 53051. Kohl's Department Stores is a wholly-owned subsidiary of Kohl's Corporation, and its primary operating company. *See e.g.*, Kohl's Corp., SEC Form 10-K, at F-7 (March 22, 2013).

37.     As of the filing of its March 2013 form 10-K, Kohl's Department Stores operated department stores throughout the United States, including Illinois, where it operates 23 stores, Arizona (26 stores), California (128 stores), Georgia (35 stores), Illinois (65 stores), Iowa (16 stores), Massachusetts (24 stores), Minnesota (26 stores), Montana (2 stores), New Jersey (38 stores), New York (51 stores), North Carolina (31 stores), Ohio (58 stores), Pennsylvania (48

8

11O9256

stores), Virginia (30 stores), Washington (18 stores), West Virginia (7 stores), Wisconsin (40 stores), and Wyoming (2 stores). *Id.* at 4, 10-11.

38.     Upon information and belief, together Kohl's Corporation and Kohl's Department Stores operate, maintain and manage Kohl's department stores and both are responsible for the policies, practices, and procedures at these stores, including the discriminatory policies, practices, and procedures alleged in this Amended Complaint.

## IV.     DEFENDANTS' CONDUCT

### The ERC's Investigation of Accessibility Barriers at Kohl's Department Stores

39.     The ERC received complaints from individuals with mobility disabilities who have been denied access to Defendants' department stores across the country.  After receiving these initial complaints, and out of concern that barriers to accessibility may be a systemic problem at Kohl's department stores, the ERC diverted a portion of its scarce resources to perform accessibility surveys of Kohl's department stores, and to counseling individuals and members with complaints.

40.     The ERC surveyed 41 Kohl's department stores located in 13 states - Maryland, Virginia, Arizona, California, Illinois, Massachusetts, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Washington, and West Virginia.  The ERC continues to receive complaints about Kohl's department stores throughout the country from both members and non-members.

41.     The ERC surveys revealed that Kohl's department stores across the United States contain barriers that prevent individuals with physical disabilities, especially those who rely on wheeled mobility devices, from accessing Defendants' goods, services, facilities, privileges, advantages, and accommodations, and which violate Appendix A of the U.S. Department of Justice regulations implementing Title III of the ADA, the Standards for Accessible Design

1109256

("Standards"). U.S. Dept. of Justice, ADA Standards for Accessible Design (Sept. 15, 2010).

These barriers include, but are not limited to:

     a. <u>Paths of Travel</u>: Paths of travel that are too narrow due to temporary or permanent blockage, and which thereby prevent access through the stores for individuals who use wheeled mobility devices, including, but not limited to, access to merchandise displays in the aisles, sales counters, fixed shelving, and lounge areas, in violation of Standard 4.3. For instance, inaccessible aisles were encountered at more than 90 percent of the stores surveyed by the ERC.

     b. <u>Sales and Service Counters</u>: Sales and service counters that significantly exceed the maximum height allowance, in violation of Standard 7.2(1); and sales counters that are not on an accessible route, in violation of Standards 4.3 and 7.2(1).

     c. <u>Merchandise Displays</u>: Fixed self-service merchandise displays that are not located on an accessible route, in violation of Standards 4.1.3(12)(b) and 4.3. For instance, in excess of 60% of stores surveyed by the ERC had racks that were inaccessible on all sides, and virtually all stores had merchandise that could not be accessed by customers with disabilities due to various barriers.

     d. <u>Fitting Rooms</u>: Dressing and fitting rooms that are inaccessible because they are too small or contain inaccessible fixtures in violation of Standard 4.35.

     e. <u>Restrooms</u>: Restrooms that are inaccessible because they are too small, contain inaccessible fixtures, or are closed altogether in violation of Standard

11O9256

4.16-4.24.  For instance, greater than 55% of stores surveyed had inaccessible barriers in the restrooms.

    f.  <u>Parking Spaces</u>:  Designated accessible parking spaces that are too narrow and therefore inaccessible to individuals who use  wheeled mobility devices, or otherwise require additional space to get to and from their vehicle, in violation of Standard 4.6.  For instance, more than 75% of the stores surveyed by ERC had inaccessible parking. In addition, at many store locations there are an insufficient number of wheelchair van accessible parking spaces, in violation of Standard 208.2.4.

### *i. Illinois*

42.    The ERC surveyed the accessibility of three Kohl's department stores located in the state of Illinois at: 2140 Elston Ave., Chicago, IL 60614; 7608 South La Crosse Ave., Burbank, IL 60459; and 303 South Route 83, Elmhurst, IL 60126.

43.    While Kohl's department stores, in Illinois and elsewhere, are marked by their wide main aisles, the narrow side aisles and other interior paths to travel in its Illinois stores are consistently inaccessible to individuals with disabilities. In all three Illinois stores surveyed, aisles are often too narrow for individuals who use wheeled mobility devices to navigate the aisle or to turn around, due to permanent and temporary barriers. For instance, in the Burbank Kohl's store, more than 15 of the 20 aisles in the Shoe Department are too narrow to turn a wheelchair or scooter.

44.    The restrooms at all three Kohl's department stores surveyed in Illinois also contained barriers to accessibility. For instance, in the Chicago store, the door to the restroom was not wide enough on the pull side to accommodate a wheelchair.

11O9256

45.     Furthermore, there are no van-accessible parking spaces at the Illinois Kohl's department stores surveyed by the ERC. As a result, individuals who rely on vans, such as those dependent on wheeled mobility devices, face significant difficulty when attempting to visit those stores. They cannot safely and easily get in and out of their vans, and are often forced to park far away from the store entrance to ensure sufficient empty parking spots to be able to exit and enter their vehicle.

### ii.  New York

46.     The ERC surveyed the accessibility of three Kohl's department stores located in the state of New York at: 8973 Bay Parkway, Suite 1, Brooklyn, NY 11214; 2239 Forest Ave., Staten Island, NY 10303; and 61-35 Junction Blvd., Elmhurst, NY 11373.

47.     None of the three Kohl's department stores surveyed in New York had van accessible spaces. As a result, individuals who rely on vans, such as those dependent on wheeled mobility devices, face significant difficulty when attempting to visit those Kohl's department stores.

48.     Additionally, at least one out of the three stores contained side aisles that are inaccessible to persons in wheeled mobility devices. For instance, in the Brooklyn store, 10% of the racks in the Men's Casual Department were inaccessible on all sides.

49.     The Brooklyn store also does not have accessible parking or customer service counters. The ERC observed that designated accessible parking spaces are too narrow, measuring only 60 inches.  Furthermore, customer service counters at the Brooklyn Kohl's are too high to accommodate individuals using wheelchairs or scooters, as they measure higher than 36 inches.

### iii.  New Jersey

11O9256

50.     The ERC surveyed the accessibility of four Kohl's Department Stores located in the state of New Jersey at: 79 Route 73 Voorhees, NJ 08043; 2133 Route 38 Cherry Hill, NJ, 08002; 2102 N Second Street, Millville, NJ 08332; and 5851 Route 42 Turnesville, NJ 08012.

51.     In the New Jersey stores surveyed, the narrow side aisles and other interior paths to travel are consistently inaccessible to individuals with mobility disabilities. Indeed, at all four Kohl's department stores surveyed by the ERC, many of the side aisles in various departments were inaccessible to persons in  wheeled mobility devices.

52.     These features, individually and together, deny individuals with mobility disabilities the opportunity to safely and independently use these facilities at these New Jersey Kohl's stores.

### iv.  Ohio

53.     The ERC surveyed the accessibility of seven Kohl's Department Stores located in the state of Ohio at: 2850 Center Dr., Fairborn, OH 45324; 6400 Wilmington Pike, Dayton, OH 45459; 6825 Roosevelt Ave., Middletown, OH 45044; 1600 N. Bechtle Ave., Springfield, OH 45504; 8301 Old Troy Pike, Huber Heights, OH 45424; 10800 Innovations Dr., Miamisburg, OH 45342; 3360 Olentangy River Rd., Columbus, OH 43202; and 6063 Sawmill Rd., Dublin, OH 43017.

54.     In the Kohl's department stores in Ohio that were surveyed, the narrow side aisles and other interior paths of travel are consistently inaccessible to individuals with disabilities. All seven stores have aisles in various departments that are inaccessible to persons in  wheeled mobility devices, either because they are too narrow to turn around in or because of some other permanent or movable barrier.

11O9256

55.     For instance, in the Middletown store, approximately half of all aisles in the Home Décor and Men's Active Wear Departments lack a turning radius at the end of the aisle and are otherwise inaccessible due to a permanent or movable obstruction. Furthermore, all aisles in the Middletown store's Shoe Department are inaccessible due to a lack of a turning radius and permanent and movable obstructions.

56.     Additionally, as in the majority of stores in other states surveyed, all or nearly all of the seven Ohio stores surveyed failed to accommodate disabled individuals by providing accessible van parking. These stores either designated accessible van parking that was woefully inadequate, measuring a meager 48 inches wide, or failed to designate van accessible parking altogether. As a result, individuals that rely on vans, such as those dependent on wheeled mobility devices, face significant difficulty when attempting to visit Kohl's department stores in Ohio.

57.     Restrooms at approximately half of the Ohio Kohl's department stores are also inaccessible. For instance, some stores contain sinks that are too high to be accessed by individuals in wheelchairs; some sink pipes are not insulated, so that individuals in a wheelchairs could be burned by scalding pipes; and some stalls are too small and contain inaccessible door handles. These features, individually and together, deny individuals with mobility disabilities the opportunity to safely and independently use the restroom facilities at these Kohl's department stores in Ohio.

### v.  Other States Surveyed

58.     As in the Kohl's stores mentioned above, stores tested in the other states where the ERC conducted surveys (Arizona, California, Massachusetts, Maryland, North Carolina, Virginia, West Virginia, and Washington) contained similar barriers to accessibility, including

11O9256

inaccessible aisles due to movable barriers and permanent obstructions, lack of a turning radius for wheelchairs at the end of aisles, and inaccessible restrooms and fitting rooms.

## V.    CLASS ACTION ALLEGATIONS

59.    Defendants have discriminated against, and continue to discriminate against, customers with mobility disabilities as more fully set forth in this Amended Complaint between October 21, 2013 and October 21, 2014.

60.    Both prior to and following its survey of Kohl's department stores around the nation, the ERC was contacted by nearly two dozen individuals who faced barriers to accessibility in their neighborhood Kohl's department stores.

61.    Each of the individual plaintiffs encountered narrow aisles presenting accessibility barriers, as well as the other accessibility barriers described herein at Defendant Kohl's Department Stores due to his or her use of a wheelchair or scooter.

62.    Upon information and belief, class members have experienced the same common design of narrow aisles as a barrier to full accessibility that the individual plaintiffs and ERC members who use wheeled mobility devices have experienced, and such barrier exists in Defendants' stores throughout the United States.

63.    Class members have been injured by Defendants' failure to comply with the ADA.

64.    Plaintiff Fisher, Plaintiff Prentiss, Plaintiff Ryan, Plaintiff Kamal, Plaintiff Lee, Plaintiff Thomas, Plaintiff Kelly, and Plaintiff ERC, ("Proposed Class Representatives") seek to maintain this action as a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure with respect to the question whether the inaccessible paths of travel resulting from the pervasive

and systemic existence of narrow aisles at Kohl's Department Stores nationwide violate Title III of the ADA and the NYHRL.

65. The proposed class consists of all people with mobility disabilities who relied on the use of wheeled mobility devices for mobility who, during the 12-months immediately prior to the filing of the complaint in this case, were denied access to the goods, services, facilities, privileges, advantages, or accommodations of any Kohl's Department Store in the United States on the basis of disability because of the existence of aisles which were too narrow (less than 36 inches).

66. There are approximately 3.6 million individuals in the United States who have mobility disabilities and rely on the use of wheelchairs according to the 2010 Report from the United States Census Bureau. Brault, Matthew W., "Americans With Disabilities: 2010," *Current Population Reports*, P70-131, U.S. Census Bureau, Washington, DC, 2012. As such, the class identified is believed to consist of thousands of members, and joinder of all such class members in this lawsuit is impracticable.

67. The question of the compliance of the paths of travel resulting from the systemic and pervasive existence of narrow aisles with Title III of the ADA is common to the class.

68. The claims of the Proposed Class Representatives are typical of the claims of the class. The individual Plaintiffs, like all other members of the class, each use a wheelchair or scooter for mobility and claim that Defendants have violated the ADA by designing the layout of the stores resulting in inaccessible paths of travel after the effective date of the ADA.

69. The Proposed Class Representatives will fairly and adequately protect the interests of the class because they have retained counsel with extensive experience in litigation brought under the ADA and with class action litigation.

11O9256

70.     The Proposed Class Representatives have no interests that conflict in any way with those of the class.

71.     This action may be maintained pursuant to Rule 23(b)(2), because Defendants' actions in designing inaccessible paths of travel resulting from the systemic and pervasive existence of narrow aisles at Kohl's Department Stores are actions that apply generally to the class. Injunctive or declaratory relief, therefore, is appropriate respecting the class as a whole.

## VI.     INDIVIDUAL ALLEGATIONS

72.     Plaintiffs reallege and reincorporate by reference all other allegations in this Amended Complaint as though set forth fully herein.

***Devora Fisher***

73.     Plaintiff Devora Fisher is an ERC member and has encountered barriers to accessibility at the Kohl's department stores located in Glenview, Arlington Heights, Niles, and Vernon Hills, Illinois.

74.     Devora has been living with the effects of Agenesis of the Corpus Callosum since birth, along with scoliosis and other conditions which necessitates her use of a manual wheelchair. Devora also wears lymphedema soft boots on her feet. Devora is an accomplished artist and entrepreneur who owns and operates Frames by Devora, where she paints picture and photograph frames for sale on the company's website, and at local craft and art fairs.

75.     Since October 2012, Devora has been and is now still a loyal customer of Kohl's department stores at 2201Willow Road in Glenview, Illinois; 590 Golf Mill Ctr. in Niles, Illinois; 800 W. Dundee Road, Arlington Heights, Illinois; and 235 N. Milwaukee in Vernon Hills, Illinois. Devora has and still now regularly shops at one or more of those Kohl's store locations 3 to 4 times monthly mainly for picture frames and supplies for her business. Ms.

11O9256

Sheila Fisher accompanies Devora to those stores and maneuvers Devora's wheelchair throughout those stores. Devora intends to continue to shop at those stores and will increase the frequency of her store visits if they are made accessible.

76.     In all four store locations, there is an absence of accessible routes as required by the Standards between certain merchandise aisles, fixed displays and between certain movable displays that preclude Sheila from maneuvering Devora's wheelchair to access merchandise in those aisles, and on those displays. In addition, certain of those stores have narrow checkout aisles, tall customer service desks and furniture blocking access to the restrooms.

77.     The narrow space between displays increase the risk that Devora's feet may hit one of those displays causing injury or snag one of her foot cushions, regardless of how careful Sheila is maneuvering Devora's wheelchair, as occurred on October 20, 2012 in the Golf Mills store in Niles, Illinois.

78.     On the vast majority of occasions where Devora has encountered accessibility barriers, Sheila has verbally addressed the issues to store and regional managers, each of whom have assured Sheila that those issues will be corrected, but, as of the date of this complaint they still remain, and in some instances, the number of inaccessible aisles has increased.

79.     At the Arlington Heights store location, Sheila is not able to maneuver Devora's wheelchair down merchandise aisles in the Men's Department. Additionally, they must confront furniture immediately inside the entrance to the women's restroom area that blocks access, and have encountered inaccessible customer service desk aisles.

80.     At the Glenview store location, Sheila is not able to maneuver Devora's wheelchair down merchandise aisles in the Home Goods, Shoes, Luggage, Girls', Men's, Linens,

11O9256

and the Boys' Departments as the aisles are too narrow for Devora's wheelchair. In addition, the aisles to the fitting rooms are also very narrow and cannot be accessed with Devora's wheelchair.

81.     At the Golf Mills store in Niles, a significant number of merchandise aisles in the Women's (for purses, coats, and clothing),  the Men's, Housewares, Shoes and Home Décor Departments are very narrow, which makes it impossible for Sheila to maneuver Devora's wheelchair down the merchandise aisles in those departments.

82.     At the Vernon Hills store the main aisles have oversized displays that leave little room to maneuver Devora's wheelchair around them and the merchandise aisles throughout the majority of the store are very narrow and inaccessible for Devora's wheelchair. In the Women's Shoe Department the aisles are extremely narrow and it makes it difficult for Sheila to even turn Devora's wheelchair into an aisle in that department to access the merchandise.

83.     Despite Sheila Fisher's repeated complaints, barriers to accessibility remain in place at the Glenview, Arlington Heights, Niles and Vernon Hills Kohl's department stores, which prevent Devora Fisher from using and enjoying the store to the same degree as the general population.

*Edith Prentiss*

84.     Plaintiff Edith Prentiss, an ERC member, encountered barriers to accessibility at the Kohl's department store located in Long Island at 106 Ronkonkoma Ave, Lake Ronkonkoma, NY 11779.

85.     Ms. Prentiss has been a loyal Kohl's customer for several years, and has regularly visited the location in Lake Ronkonkoma, Long Island every few months. She last went this past spring/early summer. She enjoys the selection of merchandise Kohl's offers and intends to continue to visit the store often in the future if it is made accessible.

11O9256

86.     Ms. Prentiss has persistently experienced issues with the aisles in the Long Island Kohl's department store. The aisles are too narrow, and the clothing in the plus size clothing section is thicker and wider, making the aisles there even more crowded. Thus, it is impossible for Edith to maneuver her wheelchair through the aisles there.

87.     Because of existing barriers to accessibility, Ms. Prentiss cannot shop on her own; she needs assistance from another person to get clothing from the plus size clothing section for her.

**Monica Kamal**

88.     Plaintiff Monica Kamal is an ERC member and has encountered barriers to accessibility at the Kohl's department stores located in Madison and Monona, Wisconsin.

89.     Ms. Kamal is the founder and Executive Director of the Madison Wisconsin Chapter of the National Spinal Cord Injury Association. She uses a manual wheelchair because of her disability.

90.     Ms. Kamal has been and is a loyal customer of Kohl's department stores located at 7401 W. Town Way in Madison, and 2501 W. Broadway and Monona, Wisconsin. Ms. Kamal has been at both of those stores within the last 12 months. Her last visit to the Monona location was on September 17, 2014 and to the West Towne location, in and around Christmas 2013. Ms. Kamal intends to continue to shop at Kohl's if and when it becomes accessible.

91.     Ms. Kamal has learned to bring someone with her to both of the store locations as it is very difficult for her to get around given the accessibility barriers. At both stores, she cannot access Women's and Juniors' clothing and the Bedding and Small Appliances Departments because the merchandise aisles are too narrow, there are displays in the main aisles blocking her access, and there are often displays impeding the merchandise aisles. As a result, she must ask

11O9256

her companion to go down certain aisles and retrieve merchandise for her. Because she is unable to access much of the Kohl's department store, she is prevented from shopping independently and with the same ease as the general population.

92.     In addition to the barriers posed by the narrow aisles, Ms. Kamal has encountered other barriers at Kohl's stores, including very limited parking slots for accessible vans at the Monona store. On the numerous occasions she has visited that location, she has been unable to find available accessible parking  for her accessible van and she has to use two adjacent non-accessible parking spots to ensure that she has sufficient room to egress and ingress her accessible van. If she parks in the non-accessible parking spots, she is often a considerable distance away from the accessible entrance to the store, and she is always exposed to the traffic within the parking lot as there are no safe paths of travel out of the way of traffic and to the accessible entrance.

93.     Other barriers to access at those both locations include customer service counters that are too high for her to be seen or to properly communicate with employees manning those counters, and bathroom doors that are too heavy for Ms. Kamal to independently open.

94.     Barriers to accessibility as experienced by Ms. Kamal remain in place at the Madison and Monona Kohl's department store locations, which prevent Ms. Kamal from using and enjoying the stores to the same degree as the general population.

### *Jean Ryan*

95.     Plaintiff Jean Ryan, an ERC member, also encountered barriers to accessibility at a Kohl's department store located at 8973 Bay Parkway, Brooklyn, New York, of which she is a loyal customer.

21

11O9256

96.     Ms. Ryan visited the store three times in the summer of 2014 alone, and last visited on October 15, 2014. Ms. Ryan appreciates Kohl's affordable plus size clothing and children's clothing, as well as other merchandise. Ms. Ryan intends to continue to visit the Bay Parkway Kohl's department store regularly in the future if made accessible.

97.     Unfortunately, Ms. Ryan faces significant physical impediments each and every time she tries to shop at the Bay Parkway location. She routinely encounters narrow department aisles, especially in the Women's clothing section on the first floor, Women's plus size clothing section, Juniors' clothing section, (baby) Toys' section, and some aisles in the Home Goods Department. Because she is unable to access much of the Kohl's department store she wishes to use, she is prevented from shopping independently and with the same ease as the general population.

98.     On her most recent visit on October 15, 2014, Ms. Ryan was not able to reach the point of sales device because the customer service counter was too high.  She was able to swipe her credit card but was not able to see anything on the screen as it was not at eye level.  When looking for baby clothes, some "onesies" caught on her wheelchair because the aisles were too narrow in that section. In the seasonal aisle, Ms. Ryan almost knocked over a Christmas tree when trying to get past it.

99.     On her visit on September 19, 2014, Ms. Ryan entered the store about 45 minutes after the store had opened and encountered piles of hangers littering the aisles in various departments such as Women's clothing (ladies' active wear; plus sizes for women), Juniors clothing (kids' pajamas) and the Men's Department. Ms. Ryan was not able to navigate those aisles.

11O9256

100.    Because racks and tables of merchandise were too close to one another, Ms. Ryan was not able to shop independently for infants clothing, women's plus sizes, ladies' clothes, lingerie, men's clothes, girls' clothes, toys, and jewelry.

101.    The accessible mirror in the Lingerie Department was obstructed by diagonally placed displays with no room for a wheelchair to get through. So Ms. Ryan was not able to use it.

102.    Ms. Ryan then tried to order some clothing from the Kohl's kiosk near the Customer Service area, but it timed out when she was about to check out. Because Ms. Ryan has declining vision, she takes longer to read print. Due to this timeout, she was not able to order what she wanted.

103.    On another visit in July of 2014, clothes were caught in Ms. Ryan's wheelchair in the plus size section and she was not able to move. There were also no mirrors in this section, and she was not able to get to the only accessible mirror, which was in the shoe section, because a bench was blocking access.

104.    In the Juniors' clothing section, the clothes were sticking out of racks on both sides of the aisle, making it impassable for Ms. Ryan's wheelchair.

105.    Ms. Ryan could also not even get close to the baby toys in the Toys Department.

106.    Because the greeting cards and seasonal section had insufficient room to turn, Ms. Ryan could not independently exit when she entered that aisle. Columns were blocking certain other aisles.

107.    Despite Ms. Ryan's repeated complaints, barriers to accessibility remain in place at the Brooklyn Kohl's department store, which prevent Ms. Ryan from using and enjoying the store to the same degree as the general population.

11O9256

*Regina Lee*

108.    Plaintiff Regina Lee, an ERC member, also encountered barriers to accessibility at a Kohl's department store located at 12024 Cherry Hill Road in Silver Spring, Maryland, which she frequented at least twice a month to look at the items on sale.

109.    Ms. Lee last visited the Silver Spring Kohl's store on June 11, 2014. During all of her visits to that store she was confronted with narrow merchandise aisles and would have to navigate around sales displays particularly in the front of the store that impeded her path of travel, and frustrated her ability to independently shop at that store location.

110.    As a result, Ms. Lee always made sure to be accompanied by an individual when visiting the Silver Spring Kohl's store in order to access inaccessible areas of the store.

111.    Since June 11, 2014, Ms. Lee has not gone back to that store because she found maneuvering through the aisles and navigating around sales displays at the front of the store to be too difficult, frustrating and she could not enjoy the store to the same degree as the general population.

112.    Ms. Lee intends to frequent again the Silver Spring Kohl's store location if and when it becomes accessible.

*Patricia Thomas*

113.    Ms. Thomas, an ERC member, encountered barriers to accessibility at a Kohl's department store located at 27540 W. Lugonia Avenue, Redlands, California, which she has frequented in 2014 and 2015.

114.    Ms. Thomas has been living with the effects of Multiple Sclerosis for the past 29 years, which necessitates her use of a scooter. Her scooter measures approximately 25 inches from wheel to wheel. Because of the extent of her Multiple Sclerosis, she is not able to walk or bear weight for any significant length of time.

11O9256

115.     During her visits to that store, she has encountered an absence of accessible routes as required by the Standards between certain merchandise aisles, fixed displays and between certain movable displays. As such, these barriers preclude Ms. Thomas from maneuvering her scooter to access merchandise in those aisles and on those displays.

116.     During Ms. Thomas' most recent visit to the Redlands Kohl's, in September 2015, she was not able to access merchandise in the ladies' clothing, the handbags and purses, and the accessories sections of the stores because of the narrow aisles. When she tried to enter into those aisles, her scooter became stuck between the merchandise racks. As she attempted to extricate herself from the narrow handbags and purses aisles, handbags fell on her.

117.     Additionally, at that store, the checkout counters are too high to allow Ms. Thomas to independently utilize the credit card/debit card machine during the checkout process.

118.     Because of the existing barriers to accessibility at the Redlands store location, Ms. Thomas cannot shop independently, and she requires assistance from another person to get clothing, handbags, purses and other merchandise within that store, which prevents her from using and enjoying the store to the same degree as the general population.

119.     Ms. Thomas intends to frequent again the Redlands Kohl's store location if and when it becomes accessible.

*Eugene Kelly*

120.     Mr. Kelly, an ERC member, also encountered barriers to accessibility at a Kohl's department store located at 27540 W. Lugonia Avenue, Redlands, California, which he has frequented in 2014 and 2015.

121.     Mr. Kelly has been living with the effects of severe degenerative disc disease and scoliosis for the past 19 years, since the age of 50, which necessitates his use of a scooter and, at

1109256

times, a manual wheelchair. Because of his degenerative disc disease and scoliosis he is not able to walk or bear weight for any significant length of time.

122. During his visits to that store, he has encountered an absence of accessible routes as required by the Standards between certain merchandise aisles, fixed displays and between certain movable displays. As such, these barriers preclude Mr. Kelly from maneuvering his scooter to access merchandise in those aisles and on those displays.

123. Mr. Kelly visited the Redlands Kohl's in May 2015, when he attempted to maneuver within the men's department for clothing. He could not access merchandise in many aisles within that department as they were too narrow to accommodate his scooter. Frustrated at the inability to access the aisles to peruse clothing there, he simply left.

124. Because of the existing barriers to accessibility at the Redland's store location, Mr. Kelly cannot shop there on his own; he needs assistance from another person to get merchandise within that store, which prevents him from using and enjoying the store to the same degree as the general population.

125. Mr. Kelly intends to frequent again the Redlands Kohl's store location if and when it becomes accessible.

***ERC***

126. Plaintiff ERC is a membership organization having members with disabilities who use wheeled mobility devices.

127. The ERC brings this case on its own behalf and as a representative of its members, whose right to live in and enjoy a community free from discrimination on the basis of physical disability has been infringed by Defendants.

11O9256

128.    The ERC also brings this case because Defendants' discriminatory behavior has damaged the ERC by frustrating its mission and by causing the ERC to divert resources that it would have used to provide counseling, outreach and education, and referral services.  Instead of providing these services to its members and the community, the ERC has devoted resources to identifying and investigating Defendants' discriminatory policies and practices, attempting to contact Defendants to correct Defendants' discriminatory policies and practices, and to counseling individuals who have been denied access to Kohl's department stores.

129.    The participation of individual ERC members in the lawsuit is not required either to resolve the claims at issue or to formulate relief.

## VII.   DEFENDANTS' RESPONSIBILITY FOR ACCESS BARRIERS IN KOHL'S STORES

130.    According to Defendants' Form 10-K filings, virtually all significant business decisions related to Kohl's department stores, including store design decisions, are made by Defendants Kohl's Corporation and Kohl's Department Stores, Inc.

131.    According to the Defendants' Form 10-K filings, the access barriers at Kohl's department stores are the result of a common design or designs dictated by Defendants' corporate policies, practices, and procedures, and/or the absence of corporate policies, practices, and procedures relating to compliance with the ADA and the NYHRL, where applicable.

132.    Modification of Defendants' policies, practices, and procedures to ensure full and equal enjoyment of Kohl's department stores would not constitute a fundamental alteration of the nature of Defendants' goods, services, facilities, privileges, advantages, and accommodations. Therefore, by their failure to modify policies, practices, and procedures, Defendants have violated and continue to violate the ADA and the NYHRL.

11O9256

133. Through its ownership and control of operations, Defendant Kohl's Corporation has the capacity and authority to modify its policies, practices, and procedures to comply with the ADA and, as applicable, the NYHRL, and to eliminate discriminatory accessibility barriers at each Kohl's department store.

134. Through its control of operations and management, Defendant Kohl's Department Stores, Inc., has the capacity and authority to modify its policies, practices, and procedures to comply with the ADA and, as applicable, the NYHRL, and to eliminate discriminatory accessibility barriers at each Kohl's department store.

135. All or nearly all Kohl's department stores were designed for first occupancy after the effective date of the ADA.

136. Removal of access barriers identified at Defendants' department stores is not structurally impractical and is therefore required by law.

## VIII.  PLAINTIFFS HAVE BEEN INJURED BY DEFENDANTS' DISCRIMINATORY CONDUCT

137. As a result of Defendants' continuing failure to modify their policies, practices, and procedures to provide accessible interior paths of travel, merchandise displays, sales and service counters, parking spaces, fitting rooms and restrooms, and other elements of their facilities, as required by the ADA and the NYHRL, where applicable, Plaintiffs have suffered and will continue to suffer injury, including, but not limited to, frustration, humiliation, and mental anguish in being denied an equal opportunity, as compared to those who are not disabled, to benefit from Defendants' goods, services, and facilities.

138. Each individual Plaintiff has had frustrating and humiliating experiences and has been denied an equal opportunity, as compared to those who do not have mobility disabilities, to benefit from Defendants' goods, services, and facilities.

28

1109256

139. The ERC has been injured in the following respects:

    a. The frustration of the mission of the ERC to achieve equality of access for persons with mobility impairments and the elimination of discrimination against persons with disabilities in places of public accommodation;

    b. The diversion of the ERC's resources necessary to identify and counteract Defendants' unlawful discriminatory practices; and

    c. Interference with the interests of the ERC and its members in protecting their rights to live in and enjoy a community that is free from discrimination on the basis of physical disability.

## IX. THE ERC MAY BRING THIS CASE ON BEHALF OF ITSELF AND ITS MEMBERS WHO HAVE BEEN DENIED ACCESS TO KOHL'S DEPARTMENT STORES

140. The mission of the ERC's Disability Rights Program is to promote the rights of all people with disabilities to have equal access in all aspects of their lives.

141. The ERC is a membership-based organization with 7,801 members from around the country located in every state and the District of Columbia. ERC members play an integral role in the advancement of civil rights across the country. As the eyes, ears, and voice of the ERC, its members expand outreach and education to new communities, identify issues of discrimination as they develop, assist in the implementation of investigations, and provide much-needed financial support for the ERC.

142. The ERC brings suit on behalf of itself and its members. The ERC's members include Ms. Fisher, Ms. Prentiss, Ms. Ryan, Ms. Kamal, Ms. Lee, Ms. Thomas and Mr. Kelly who are all individuals with disabilities as defined by the ADA, who were denied access to a

11O9256

public accommodation, Kohl's department stores located in Illinois, New Jersey, New York, Wisconsin, and California.

143.    The ERC's members are able to bring their own claims under the ADA and state laws.

144.    Because ERC's mission is to protect the rights of disabled individuals, it is part of ERC's purpose to represent the interests of its members in litigating this case.

145.    The barriers these ERC members experienced at the Kohl's department stores in Illinois, New Jersey, New York, Wisconsin, and California still exist and are apparent to anyone, and the ERC may litigate on behalf of its members.

## X.    INJUNCTIVE RELIEF IS NECESSARY AND APPROPRIATE TO PROTECT THE RIGHTS OF THE INDIVIDUAL PLAINTIFFS, THE CLASS MEMBERS, AND THE ERC'S MEMBERS

146.    In violation of the ADA, Defendants have failed to modify their policies, practices, and procedures to provide accessible interior paths of travel for Plaintiffs, members of the class, and members of ERC thereby denying persons with mobility disabilities who rely on the use of wheeled mobility devices access to  the goods, services, facilities, privileges, advantages, and accommodations of Kohl's department stores, and subjects the Plaintiffs, class members, and members of the ERC, persons with disabilities, to discrimination.

147.    Additionally, in violation of the ADA, Defendants have failed to modify their policies, practices, and procedures to provide accessible merchandise displays, sales and service counters, parking spaces, fitting rooms, restrooms, and sufficient accessible parking, for the individual Plaintiffs and members of the ERC, thereby denying persons with mobility disabilities who rely on the use of wheeled mobility devices access to the goods, services, facilities,

11O9256

privileges, advantages, and accommodations of Kohl's department stores, and subjects Plaintiffs, persons with disabilities, to discrimination.

148.    Defendants' failure to provide accessible interior paths of travel, merchandise displays, sales and service counters, fitting rooms, restrooms, sufficient accessible parking, and other barriers, denies persons with mobility disabilities the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Kohl's department stores located in New York, in violation of the NYHRL.

149.    Plaintiffs have reasonable grounds to believe that Kohl's department stores will continue to fail to provide accessible interior paths of travel, merchandise displays, sales and service counters, parking spaces, fitting rooms, restrooms and other elements, as required by the ADA and, for the stores located in New York, the NYHRL, and that therefore the individual Plaintiffs, the class members, and the ERC's members will be subjected to continuing discrimination in violation of the ADA and the NYHRL.

150.    Plaintiffs have no plain, adequate, or complete remedy at law.  Plaintiffs, the class members, and the ERC's members have suffered, are suffering, and will continue to suffer irreparable injury as a result of Defendants' continuing discriminatory conduct.

11O9256

## XI.    CLAIMS FOR RELIEF

151.    Plaintiffs reallege and reincorporate by reference the remainder of the allegations set forth in this Amended Complaint as if fully set forth herein.

### COUNT ONE

**Discrimination on the Basis of a Disability in Violation of the Americans with Disabilities Act (42 U.S.C. §§ 12181, *et seq.*) due to Narrow Aisles
On Behalf of All Plaintiffs**

152.    On July 12, 1990, Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1) .

153.    Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any public place of accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

154.    The ERC is an organization whose mission includes achieving equality of access for persons with mobility impairments and the elimination of discrimination against persons with disabilities in public accommodations. The ERC's members include persons with disabilities within the meaning of the ADA. 42 U.S.C. § 12102.

155.    Kohl's department stores are "place[s] of public accommodation" within the meaning of the ADA. 42 U.S.C. § 12181(7)(E).

156.    Defendants are "private entit[ies] who own[], lease[] (or lease[] to), or operate[] a place of public accommodation," and therefore have obligations under Title III of the ADA. 42 U.S.C. § 12182(a).

157. Title III makes it "discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class . . . with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(A)(ii).

158. Defendants' failure to provide access to and throughout their stores for individuals with mobility impairments denied and continues to deny, on the basis of their disability, the ERC and its members, the same access to Defendants' goods, services, facilities, privileges, advantages, or accommodations as the access provided to individuals without disabilities.

159. Defendants' discriminatory conduct denies individuals who use wheeled mobility devices access to much of the merchandise not located on the wide main aisle of their Kohl's department stores, preventing individuals with physical disabilities from accessing the full range of merchandise available to individuals without disabilities. Alternatively, individuals with disabilities who wish to access the entire store and its features are forced rely on other individuals to reach inaccessible merchandise located on narrow side aisles or on inaccessible merchandise displays, denying them the ability to shop independently.

160. At all times relevant to this action, the ADA was in full force and effect in the United States, and Plaintiffs, Plaintiff ERC's members, and the Class had a right not to be subjected to discrimination on the basis of their disability by Defendants.

i. *Reduction of Accessibility in Violation of the ADA*

161. The ADA requires a place of public accommodation to make alterations to a facility "in such a manner that, to the maximum extent feasible, the altered portions of the

facility are readily accessible to and usable by individuals with disabilities."  42 U.S.C. § 12183(a)(2).

162.    The U.S. Department of Justice ("DOJ") regulations to Title III of the ADA require that "[a]ny alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs."  28 C.F.R. § 36.402(a)(1).

163.    At the time of Kohl's initial public offering ("IPO") on May 19, 1992, it is believed that Kohl's operated 76 department stores.  It has since grown to operate approximately 1,146 department stores in 49 states.  *See* Fact Book at http://phx.corporate-ir.net/phoenix.zhtml?c=60706&p=irol-faq.  Therefore, all or nearly all of Kohl's department stores must comply with the ADA.

164.    After January 26, 1992, Kohl's erected new structures or modified existing structures to create a "unique store format" for all or nearly all of its stores.  This unique store format is marked by wide main aisles and narrow side aisles, among other things.  This unique store format resulted in inaccessible interior paths of travel and merchandise displays, and other elements.

165.    The Standards prohibit alterations that "decrease, or [have] the effect of decreasing accessibility or usability of a building or facility below the requirements for new construction at the time of alteration."  Standards § 4.1.6(1)(a); 28 C.F.R. pt. 36, App. A.

166. The creation of inaccessible side aisles at Kohl's department stores violates the Standards because these alterations decreased the accessibility and usability of the stores below the requirements for new construction.

167. The alterations made by Defendants to the Kohl's facilities violate the ADA's and the DOJ's requirements that alterations enhance accessibility to the maximum extent feasible for people with disabilities, and conflict with the prohibitions in the Standards against alterations that decrease accessibility or usability of a place of public accommodation.

### ii. Architectural and Structural Barriers in Violation of the ADA

168. Title III of the ADA requires places of public accommodation to design and construct facilities built after the effective date of the ADA in conformance with the Standards, to the extent that such is not structurally impracticable. 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406.

169. All or nearly all Kohl's department stores were newly constructed or modified after the effective date of the ADA, January 26, 1992. At the time of Kohl's initial public offering ("IPO") on May 19, 1992, it is believed that Kohl's operated 76 department stores. It has since grown to operate approximately 1,146 department stores in 49 states. *See* Fact Book at http://phx.corporate-ir.net/phoenix.zhtml?c=60706&p=irol-faq. Therefore, all or nearly all of Kohl's department stores must comply with the ADA.

170. After January 26, 1992, Kohl's erected new structures or modified existing structures to create a "unique store format" for all or nearly all of its stores. This unique store format is marked by wide main aisles and narrow side aisles, among other things, and that resulted in inaccessible interior paths of travel and merchandise displays, and other elements.

11O9256

171.    Defendants' failure to design and construct their stores in conformance with the Standards violates Title III because design and construction of their stores to conform to the Standards would not have been structurally impracticable.

172.    The Standards require that, where feasible, all "walks, halls, corridors, aisles, skywalks, tunnels, and other spaces that are part of an accessible route shall comply with 4.3." Standard 4.3.1.  "At least one accessible route shall connect accessible buildings, facilities, elements, and spaces that are on the same site."  Standard 4.3.2(2).

173.    Defendants' denial of accessibility to interior paths of travel, in violation of Standard 4.3, is pervasive.  In excess of 90 percent of the 41 stores surveyed by the ERC contain aisles that are too narrow in at least one department, and most contain several inaccessible aisles. The existence of inaccessible aisles at the vast majority of stores surveyed by ERC and used by its members demonstrates that Defendants routinely violate Standard 4.3.

174.    The access barriers at Kohl's department stores constitute unlawful discrimination on the basis of disability because they denied and continue to deny individuals with disabilities, including the Class members, the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations provided by Kohl's department stores.  42 U.S.C. § 12182(a).

175.    The 2010 ADA standards for accessible design and construction state that places of public accommodation constructed on or after 1992, the effective date of the ADA, must be readily accessible to and usable by individuals with disabilities. 28 C.F.R. 35.151(a)(1). Only where a public entity can demonstrate that it is structurally impracticable to meet the requirements is full compliance excused. Structural impracticability applies when the unique characteristics of the terrain prevent the incorporation of accessibility features. 28 C.F.R.

36

1109256

35.151(a)(2)(i). Furthermore, any facility or part of a facility that is altered on or after the effective date of the ADA, by, on behalf of, or for the use of a public entity that affects usability, must, to the maximum extent feasible, be accessible and usable by individuals with disabilities. 28 C.F.R. 35.151(b)(1). Defendants' failure to design the aisles in their stores in a manner that is accessible to and usable by customers with mobility disabilities violates the ADA because it is not structurally impracticable to do so and is required by the ADA.

<p style="text-align:center"><em><strong>iii.    Failure to Maintain Accessible Features in Violation of the ADA</strong></em></p>

176.    The U.S. Department of Justice regulations to Title III of the ADA require that places of "public accommodation [ ] maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities," unless the interruption in service or access is isolated or temporary or due to maintenance or repairs.  28 C.F.R. § 36.211(a).

177.    Defendants have failed to maintain accessible paths of travel throughout their stores and accessible routes to merchandise displays, wall shelving, sales counters, fitting rooms, and restrooms.

178.    Defendants unlawfully fail to maintain accessible aisles in their stores, and as such the members of the Class are unable to approach, examine, or even purchase much of the merchandise on display.

179.    Failure to maintain accessible features, primarily including inaccessible paths of travel and routes, has been prevalent and consistent, and is not due to maintenance or repairs, but rather to corporate policies or practices, or the lack thereof, relating to accessibility for people with mobility disabilities.

11O9256

   *iv.*  ***Failure to Make Reasonable Modifications to Policies in Violation of the ADA***

   180.  The access barriers outlined herein are the result of Defendants' policies, practices, or procedures and/or the absence of policies, practices or procedures for enforcing the ADA.  These "policies, practices, or procedures" impose barriers to access within the meaning of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii), throughout Kohl's department stores.  These policies, practices and procedures include, but are not limited to:

     a. Approval of standardized aisles that are inaccessible to individuals who use wheeled mobility devices; and

     b. Failure to maintain accessible features, such as accessible paths of travel through merchandise aisles.

Pursuant to the ADA, places of public accommodation must "make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . . ."  42 U.S.C. § 12182(b)(2)(A)(ii).

   181.  Defendants' failure to make reasonable modifications to policies, practices, or procedures necessary to afford individuals with disabilities access to the goods, services, facilities, privileges, advantages, or accommodations of their stores, violates the ADA and irreparably injured Plaintiffs, the ERC's members, and the Class.

   182.  Modification of Defendants' policies, practices, and procedures will not fundamentally alter the nature of Defendant's goods, services, facilities, privileges, advantages, or accommodations.

11O9256

## COUNT TWO

**Discrimination on the Basis of a Disability in Violation of the Americans with Disabilities Act (42 U.S.C. §§ 12181, *et seq*.)  Due to Inaccessible Counters, Restrooms, Fitting Rooms, and Inadequate Accessible Parking**
On Behalf of Individual Plaintiffs and ERC's Members

183.　Plaintiffs adopt and re-allege Paragraphs **Error! Reference source not found.**52 - **Error! Reference source not found.**60, as if fully set forth herein.

184.　Defendants' discriminatory conduct denied and continues to deny Plaintiffs access to Kohl's department stores because designated accessible parking spots are either nonexistent or too narrow to be accessed by individuals with disabilities and because fitting rooms, restrooms, sales and service counters, and merchandise fixtures are not accessible.

185.　At all times relevant to this action, the ADA was in full force and effect in the United States, and the individual Plaintiffs and ERC's members had a right not to be subjected to discrimination on the basis of their disability by Defendants.

### i.　*Reduction of Accessibility in Violation of the ADA*

186.　The ADA requires a place of public accommodation to make alterations to a facility "in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities."  42 U.S.C. § 12183(a)(2).

187.　The U.S. Department of Justice ("DOJ") regulations to Title III of the ADA require that "[a]ny alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs."  28 C.F.R. § 36.402(a)(1).

11O9256

188.    At the time of Kohl's initial public offering ("IPO") on May 19, 1992, it is believed that Kohl's operated 76 department stores.  It has since grown to operate approximately 1,146 department stores in 49 states.  *See* Fact Book at http://phx.corporate-ir.net/phoenix.zhtml?c=60706&p=irol-faq.  Therefore, all or nearly all of Kohl's department stores must comply with the ADA.

189.    After January 26, 1992, Kohl's erected new structures or modified existing structures to create a "unique store format" for all or nearly all of its stores.  This unique store format resulted in inaccessible merchandise fixtures, inaccessible fitting rooms and restrooms, and inaccessible sales and service counters.

190.    The Standards prohibit alterations that "decrease, or [have] the effect of decreasing accessibility or usability of a building or facility below the requirements for new construction at the time of alteration."  Standards § 4.1.6(1)(a); 28 C.F.R. pt. 36, App. A.

191.    The creation of inaccessible merchandise fixtures, inaccessible fitting rooms and restrooms, and inaccessible sales and service counters at Kohl's department stores violates the Standards because these alterations decreased the accessibility and usability of the stores below the requirements for new construction.

192.    The alterations made by Defendants to the Kohl's facilities violate the ADA's and the DOJ's requirements that alterations enhance accessibility to the maximum extent feasible for people with disabilities, and conflict with the prohibitions in the Standards against alterations that decrease accessibility or usability of a place of public accommodation.

      **ii.**        ***Architectural and Structural Barriers in Violation of the ADA***

193.    Title III of the ADA requires places of public accommodation to design and construct facilities built after the effective date of the ADA in conformance with the Standards,

40

to the extent that such is not structurally impracticable. 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406.

194.     All or nearly all Kohl's department stores were newly constructed or modified after the effective date of the ADA, January 26, 1992. At the time of Kohl's initial public offering ("IPO") on May 19, 1992, it is believed that Kohl's operated 76 department stores. It has since grown to operate approximately 1,146 department stores in 49 states. *See* Fact Book at http://phx.corporate-ir.net/phoenix.zhtml?c=60706&p=irol-faq. Therefore, all or nearly all of Kohl's department stores must comply with the ADA.

195.     After January 26, 1992, Kohl's erected new structures or modified existing structures to create a "unique store format" for all or nearly all of its stores. This unique store format resulted in inaccessible merchandise fixtures, inaccessible fitting rooms and restrooms, and inaccessible sales and service counters.

196.     Defendants' failure to design and construct their stores in conformance with the Standards violates Title III because design and construction of their stores to conform to the Standards would not have been structurally impracticable.

197.     The Standards require that, where feasible, all "walks, halls, corridors, aisles, skywalks, tunnels, and other spaces that are part of an accessible route shall comply with 4.3." Standard 4.3.1. "At least one accessible route shall connect accessible buildings, facilities, elements, and spaces that are on the same site." Standard 4.3.2(2).

198.     The Standards further require that accessible parking spaces "shall be at least 96 inches (2440 mm) wide. Parking access aisles shall be part of an accessible route to the building or facility entrance and shall comply with 4.3[s]" requirements for accessible routes." Standard 4.6.3. Moreover, Standard 208.2.4 requires that one out of every six or fraction six parking

11O9256

spaces be a van parking space. Defendants' failure to provide accessible parking spaces is pervasive, in violation of Standards 4.6.3 and 208.2.4.

199.     The access barriers at Kohl's department stores constitute unlawful discrimination on the basis of disability because they denied and continue to deny individuals with disabilities, including the Class members, the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations provided by Kohl's department stores. 42 U.S.C. § 12182(a).

200.     The 2010 ADA standards for accessible design and construction state that places of public accommodation constructed on or after 1992, the effective date of the ADA, must be readily accessible to and usable by individuals with disabilities. 28 C.F.R. 35.151(a)(1). Only where a public entity can demonstrate that it is structurally impracticable to meet the requirements is full compliance excused. Structural impracticability applies when the unique characteristics of the terrain prevent the incorporation of accessibility features. 28 C.F.R. 35.151(a)(2)(i). Furthermore, any facility or part of a facility that is altered on or after the effective date of the ADA, by, on behalf of, or for the use of a public entity that affects usability, must, to the maximum extent feasible, be accessible and usable by individuals with disabilities. 28 C.F.R. 35.151(b)(1). Defendants' failure to design their parking lots, aisles, restrooms, and fitting rooms in their stores in a manner that is accessible to and usable by customers with mobility disabilities violates the ADA because it is not structurally impracticable to do so and is required by the ADA.

iii.     **Failure** *to Maintain Accessible Features in Violation of the ADA*

201.     The U.S. Department of Justice regulations to Title III of the ADA require that places of "public accommodation [] maintain in operable working condition those features of

42

1109256

facilities and equipment that are required to be readily accessible to and usable by persons with disabilities," unless the interruption in service or access is isolated or temporary or due to maintenance or repairs. 28 C.F.R. § 36.211(a).

202.    Defendants have failed to maintain accessible parking spaces, merchandise displays, sales and service counters, fitting rooms, and restrooms.

203.    Failure to maintain accessible features, including accessible parking spaces, merchandise displays, sales and service counters, fitting rooms, and restrooms, has been prevalent and consistent, and is not due to maintenance or repairs, but rather to corporate policies or practices, or the lack thereof, relating to accessibility for people with mobility disabilities.

**iv.    *Failure to Make Reasonable Modifications to Policies in Violation of the ADA***

204.    The access barriers outlined herein are the result of Defendants' policies, practices, or procedures and/or the absence of policies, practices or procedures for enforcing the ADA. These "policies, practices, or procedures" impose barriers to access within the meaning of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii), throughout Kohl's department stores. These policies, practices and procedures include, but are not limited to:

    a.    Approval of standardized aisles, counters, and equipment that are inaccessible to individuals who use wheeled mobility devices;

    b.    Failure to maintain accessible features, such as accessible parking spaces; and

    c.    Failure to ensure that other elements of the department stores, such as merchandise displays and fitting and rest rooms, meet the requirements of the ADA and are accessible to customers with mobility disabilities.

205.    Pursuant to the ADA, places of public accommodation must "make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to

11O9256

afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . . ." 42 U.S.C. § 12182(b)(2)(A)(ii).

206.    Defendants' failure to make reasonable modifications to policies, practices, or procedures necessary to afford individuals with disabilities access to the goods, services, facilities, privileges, advantages, or accommodations of their stores, violates the ADA and irreparably injured the named Plaintiffs and ERC's members.

207.    Modification of Defendants' policies, practices, and procedures will not fundamentally alter the nature of Defendant's goods, services, facilities, privileges, advantages, or accommodations.

**COUNT THREE**
**Discrimination on the Basis of a Disability in Violation of the New York Human Rights Law (N.Y. Exec. Law §290, *et seq.*)**
**On Behalf of Plaintiff ERC**

208.    At all times relevant to this action, the New York Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYHRL"), and the guidelines promulgated by the New York State Division on Human Rights were in full force and effect in New York and the ERC's members had a right not to be subjected to discrimination on the basis of their disability by Defendants.

209.    The NYHRL makes it an "unlawful discriminatory practice" for any "place of public accommodation . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."  N.Y. Exec. § 296(2)(a).

210.    Plaintiff ERC is a person within the meaning of the NYHRL.  N.Y. Exec. § 292(1).

211.    Each Kohl's department store located in New York is a place of public accommodation within the meaning of the NYHRL.  N.Y. Exec. § 292(9).

11O9256

212.     Defendants have violated and continue to violate the NYHRL because Kohl's department stores in New York have inaccessible interior paths of travel, making navigating through the stores difficult to near impossible for people who use wheeled mobility devices.

213.     Defendants' policies and practices, including approving, maintaining, and designing inaccessible New York Kohl's department stores, deny individuals with mobility disabilities, including the ERC, its members, and class members the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Defendants' stores.

214.     Defendants' conduct has harmed Plaintiff ERC and will continue to harm the ERC until Defendants are ordered by this Court to make Kohl's department stores accessible to individuals who use wheeled mobility devices for mobility and other individuals with mobility disabilities.  Defendants' conduct has harmed Plaintiff ERC by: 1) frustrating of the mission of the ERC to achieve equality of access for persons with mobility impairments and the elimination of discrimination against persons with disabilities in places of public accommodation; and 2) diverting the ERC's resources necessary to identify and counteract Defendants' unlawful discriminatory practices.

215.     For their violations of the NYHRL, and in accordance with N.Y. Exec. Law § 290 *et seq.*, Defendants are liable to Plaintiff ERC for costs, attorneys' fees, and compensatory damages in amounts to be determined at trial, and all other available relief.

### XIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray this Court:

a. Declare that Defendants are operating in a manner which discriminates against persons with mobility disabilities who rely upon the use of

11O9256

wheeled mobility devices, and that Defendants fail to provide access for persons with mobility disabilities who rely upon the use of wheeled mobility devices in violation of the ADA and the NYHRL;

b. Certify the class identified in paragraph 1, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, for the damages alleged in Count I and appoint Plaintiffs as class representatives and their attorneys as class counsel;

c. Enter a preliminary and permanent injunction requiring Defendants to: (i) modify their policies, practices, and procedures to comply with the ADA and, as applicable, the NYHRL; (ii) remove architectural barriers at all Kohl's department stores;

d. Enter judgment awarding Plaintiff ERC compensatory and punitive damages, where appropriate, under the NYHRL, in an amount appropriate to the proof at trial;

e. Award Plaintiffs their costs and attorneys' fees, including litigation expenses, reasonably incurred in the prosecution of the action; and

f. Award Plaintiffs such other and further relief as this Court shall deem just and proper.

Plaintiffs, by their counsel and pursuant to Federal Rule of Civil Procedure 38(b), hereby demand a trial by jury on all claims so triable in this action.

11O9256

DATED this 25th day of November, 2015.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ Jennifer M. Sender

Jennifer M. Sender (ARDC No. 6207774)
Tracy E. Stevenson (ARDC No. 6207780)
Andrés J. Gallegos (ARDC No. 6212168)
ROBBINS, SALOMON & PATT, LTD.
180 N. LaSalle, Suite 3300
Chicago, IL 60601
Telephone: (312) 782-9000
Fax: (312) 782-6690
email: jsender@rsplaw.com;
tstevenson@rsplaw.com; agallegos@rsplaw.com


Matthew K. Handley
Deepa Goraya
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle,NW, Suite 400
Washington, DC 20036
(202) 319-1000- Telephone
(202) 319-1010- Facsimile
matthew_handley@washlaw.org
deepa_goraya@washlaw.org
*Counsel for Plaintiffs*

</div>

11O9256